## MENDERBACK against HOPKINS.

Where a constable who has an execution, pays the amount to the plaintiff, without any demand of, or request by, the defendant, he cannot maintain an action against the defendant for the money so paid, without request.

Where no objection is made to the evidence given at a trial before a justice, but the whole is submitted to the jury, every inference will be drawn, that could have been drawn, and every reasonable intendment allowed, in support of the verdict.

IN error, on *certiorari*, from a justice's court.

*Hopkins* sued *Menderback*, by warrant, before the justice. The declaration was for money paid, and money had and received, and, also, that *Hopkins*, as a constable, on the 12th *December*, 1807, had an execution against *Menderback*, at the suit of *Winne* and *Blair*, for 4 dollars and 99 cents; and that he, *Hopkins*, paid the amount to *Winne* and *Blair*, but had never received it of *Menderback*: and, also, on the 20th *November*, 1806, an execution in favour of one *Sternbey* against one *Whipple*, for 5 dollars and 87 cents, was delivered to him, *Hopkins*, as a constable to be collected, and that he delivered the execution to *Menderback*, who was then a constable also, to be collected, and that he, *Hopkins*, was afterwards compelled to pay the amount to *Sternbey*; and that *Menderback*, afterwards, gave him, *Hopkins*, an order on one *M'Gee*, for the amount, which had never been paid, &c.

There was a trial by jury, and *Hopkins* proved the payment of the amount of the execution, and the order drawn in his favour by *Menderback*, for 5 dollars and 87 cents, which was unpaid. No objection was made to the evidence; and the jury found a verdict for the plaintiff for 12 dollars and 68 cents.

*Per Curiam.* The demand for the money paid on the execution, was illegal, without showing a previous demand on the defendant below, and a request by him to make the payment; (a) but, as no objection was made to the evidence, a demand and request may have been presumed. It was to be inferred, as admitted, when nothing was said to the contrary. The question as to due diligence in presenting the order, and the non-payment thereof, does not appear to have been raised or agitated. Indeed, as no objection was made to any of the testimony, but it was submitted to the jury, every inference that could be drawn from the evidence is to be presumed to have been drawn; and the verdict, by reasonable intendment, is good. The judgment must, therefore, be affirmed.

Judgment affirmed.

(a) See *Jones* v. *Wilson*, 3 *Johns. Rep.* 434.